UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUFUS EDWARD JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-04746-JPH-TAB |
| CATHERINE TAYLOR, *et al.* | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Rufus Jones, an inmate at the Marion County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *in forma pauperis***

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II. Dismissal of the Complaint**

A. *Screening Standard*

1

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. *The Complaint*

Mr. Jones's complaint arises out of his arrest and apparent prosecution on domestic violence charges. He sues his fiancé Catherine Taylor, Indianapolis Metropolitan Police Department ("IMPD") Officer Corey Shinn, Detective Timothy Westerhof, Marion County Prosecutor Jenna Pilipavich, Public Defender Sherif Mansour, Public Defender paralegal Chesser Dora, Officer J. Zolz, the City of Indianapolis, Core Civic Marion County Jail II, and the State of Indiana.

Mr. Jones alleges in his complaint that, in April of 2019, Ms. Taylor called the police complaining that Mr. Jones had been calling her and driving by her home. Defendant Officer Corey Shinn arrived on the scene and met with them. Ms. Taylor told Officer Shinn that he had assaulted her. Officer Shinn wrote a police report. Ms. Taylor also told Officer Shinn that she had video evidence of the events, but Officer Shinn did not secure that evidence. Defendant Timothy

Westerhof, of the IMPD domestic violence unit, was assigned to follow up. The next day, Ms. Taylor's version of the events changed. Detective Westerhof provided a probable cause affidavit to the prosecutor and eight charges were filed against Mr. Jones. The charges were different than the facts relayed in the original call to the police. Detective Westerhof took items from Ms. Taylor but did not fill out a chain of custody form. He also alleges that, on an unidentified date, Officer J. Zolz arrested him on a warrant that did not have probable cause.

Mr. Jones also alleges that defendant Chesser Dora, an investigative paralegal with the Marion County Public Defender deleted or attempted to delete evidence in his cellphone and obtained Mr. Jones's property without his authorization. In addition, Mr. Jones asserts that Prosecutor Jeanna Pilipavich never reviewed the case to determine whether there was probable cause to arrest. Mr. Jones further alleges that his public defender, Sherif Mansour, has committed acts of intentional misconduct by conspiring with the state to violate his constitutional rights. He also contends that Core Civic has policies and procedures that were disregarded which resulted in the improper release of his property. Finally, he alleges that the State of Indiana violated his right to a fast and speedy trial, his right to a probation violation hearing, and his right to a bail hearing.

C. *Dismissal of Claims*

Based on the screening standard set forth above, the complaint must be **dismissed**. The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). For the following reasons, Mr. Jones has failed to state a § 1983 claim against any defendant.

First, Mr. Jones has failed to state a claim under § 1983 against Ms. Taylor. According to the complaint, Ms. Taylor acted as a private citizen, not under color of state law. *See Burrell v. City of Mattoon*, 378 F.3d 642, 649 (7th Cir. 2004) (For the defendant to act "under color of state law" for § 1983 purposes means to "misuse [ ] power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). The claims against her must be **dismissed.**

Any claim against Officers Shinn and Zolz and Detective Westerhof must be **dismissed**. Mr. Jones alleges that these defendants subjected him to false arrest. But he asserts that these defendants arrested him based on Ms. Taylor's statements that he had been harassing her and had assaulted her. He also refers to bruising on Ms. Taylor's arm. "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The facts alleged in the complaint support a conclusion that these officers had probable cause to arrest Mr. Jones. This is true even if Mr. Jones was not arrested at the time of the events alleged or if Ms. Taylor's description of the events later changed.

Next, any claim against Prosecutor Pilipavich must be **dismissed**. Mr. Prosecutors are entitled to absolute immunity for actions taken in their prosecutorial role. *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976). To the extent that he contends she also performed investigative work, he does not assert that she violated his rights in doing so. Mr. Jones appears to relate his investigation assertion to evidence that has either been lost or deleted by a number of the defendants, including Pillipavich, but – other than the cellphone video he asserts conveys a struggle and Ms. Jones yelling

– he does not describe that evidence, state the evidence has been definitively lost, or state that it would support his position in the criminal charges against him.

In addition, any claim against Public Defender Mansour or Chesser Dora must be **dismissed** because these defendants did not act under color of state law, even if they were paid by public funds. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Stewart v. City of Chicago*, 513 F. App'x 619, 620 (7th Cir. 2013). Because there was no action under color of state law when these defendants represented Mr. Jones in an Indiana state court, there is no viable claim for relief pursuant to § 1983.

Any claim against Core Civic must be **dismissed**. Mr. Jones asserts that the City maintained a policy that resulted in the mishandling of his property. But Mr. Jones has failed to state a claim that his due process rights were violated because a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). *See also Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))). Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation
5

of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Any claim against the City of Indianapolis must be **dismissed**. "[M]unicipal governments cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). In support of the claim against the City of Indianapolis, Mr. Jones contends that he was falsely arrested on the occasion that is the subject of this complaint and on another occasion in 2016. He contends therefore that there is a pattern of similar incidents. But as the Court has already explained, based on the facts alleged in the complaint, the officers had probable cause to arrest Mr. Jones in April of 2019. Further, Mr. Jones has not stated sufficient facts to support a conclusion that he was falsely arrested in 2016. And, even if he had, one incident of false arrest does not create a pattern of violating his rights.

Finally, any claim against the State of Indiana must be **dismissed** because the Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

### III. Conclusion

For the foregoing reasons, Mr. Jones has failed to state a claim against any named defendant. His complaint is therefore dismissed. He will have **through January 14, 2020**, to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the

6

applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to respond to this order may result in dismissal of this action without further notice.

**SO ORDERED.**

Date: 1/3/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RUFUS EDWARD JONES
778525
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202