UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RUFUS EDWARD JONES,            )
                               )
           Plaintiff,          )
                               )
      v.                       )    No. 1:19-cv-04746-JPH-TAB
                               )
CATHERINE TAYLOR, *et al.*     )
                               )
           Defendants.         )

**ORDER DISCUSSING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Rufus Jones, an inmate at the Marion County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. In the order of January 3, 2020, the Court screened his complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief can be granted, and directed Mr. Jones to show cause why this action should not be dismissed. Mr. Jones has filed an amended complaint, which is also subject to screening.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Mr. Jones's complaint arises out of his arrest and ongoing prosecution on domestic violence charges. In the amended complaint, he names as defendants his fiancé Catherine Taylor, Indianapolis Metropolitan Police Department ("IMPD") Officers Corey Shinn and J. Zolz, and Detective Timothy Westerhof, Marion County Prosecutor Jenna Pilipavich, Public Defender Sherif Mansour, and the City of Indianapolis.

Mr. Jones's claims against Ms. Taylor were dismissed because he cannot bring a federal claim against her because she is not a state actor. Mr. Jones's amended complaint does not remedy this deficiency and he still cannot bring a claim against her.

Next, Mr. Jones's claims against the defendant police officers were dismissed because he failed to allege that they did not have probable cause to arrest him. The Court explained that Mr. Jones alleged that he was arrested based on Ms. Taylor's statements that he had been harassing her and had assaulted her. He also refers to bruising on Ms. Taylor's arm. The Court stated: "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The facts alleged in the complaint and the amended complaint support a conclusion that these officers had probable cause to arrest Mr. Jones. This is true even if Mr. Jones was not arrested at the time of the events alleged or if Ms. Taylor's description of the events later changed. In his amended complaint, Mr. Jones asserts that Ms. Taylor's statements were hearsay and therefore violate the Confrontation Clause. But probable

cause to arrest may be based on hearsay. *Mosley v. City of Chicago*, 614 F.3d 391, 399 (7th Cir. 2010) ("[P]robable cause to arrest can rest upon information that would not be admissible at trial, such as hearsay, if the information is supported by some indicia of reliability.") (quoting *Ebert v. Gaetz,* 610 F.3d 404 (7th Cir. 2010)). And the Confrontation Clause applies to in court testimony, not to an arrest warrant. *Cf. United States v. Jackson*, 940 F.3d 347, 351 (7th Cir. 2019) ("Generally, 'in the context of the admission of testimonial hearsay in criminal trials, the Sixth Amendment's Confrontation Clause bars the admission of such testimonial statements unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.'") (quoting *United States v. Foster*, 701 F.3d 1142, 1150 (7th Cir. 2012)). Mr. Jones therefore still has not alleged that he was falsely arrested.

Next, the Court explained that the prosecutor enjoyed prosecutorial immunity from claims against her. Mr. Jones argues that she has failed to turn over evidence, but even if this is the case, such an act is inherently prosecutorial, and she is therefore entitled to immunity. *Fields v. Wharrie*, 672 F.3d 505, 516 (7th Cir. 2012).

The Court also explained that claims against Sherif Mansour, Mr. Jones's public defender, must be dismissed because he did not act under color of state law, even if he was paid by public funds. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Stewart v. City of Chicago*, 513 F. App'x 619, 620 (7th Cir. 2013). The Amended Complaint fails to remedy this deficiency in the claim against Mr. Mansour.

Finally, the Court dismissed any claim against the City of Indianapolis because Mr. Jones failed to allege that any of his injuries occurred as the result of a municipal policy or custom. "[M]unicipal governments cannot be held liable for damages under 42 U.S.C. § 1983 on a theory

3

of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). His amended complaint still does not make such an allegation and he therefore has failed to state a claim against the City of Indianapolis.

### III. Conclusion

For the foregoing reasons, Mr. Jones's amended complaint does not remedy any of the deficiencies identified in the Court's Order dismissing his complaint. Accordingly, he has failed to state a claim upon which relief can be granted and this action must be **dismissed**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/19/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RUFUS EDWARD JONES
778525
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202